UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **DAYTREND MOSES** | **CIVIL ACTION NO. 5:16-cv-390** |
| **LA. DOC #527114** | **SECTION P** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **SHANICE MORGAN, ET AL** | **MAGISTRATE JUDGE HAYES** |

<u>REPORT AND RECOMMENDATION</u>

*Pro se* plaintiff Daytrend Moses, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on March 22, 2016. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at David Wade Correctional Center ("DWCC") in Homer, Louisiana. He names the following DWCC personnel as defendants in this matter: Sergeants Shanice Morgan and Sheila Coleman; Deputy Warden Angie Huff; Captains Kimball and Shantell Coleman; Tommy Garrett; Colonels W. Tolliver and Hamilton; Mark Hunter; Head Warden Jerry Goodwin; and Jesse Jimerson.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

*Background*

Plaintiff's original and supplemental complaints were deficient in several aspects. Thus, on July 6, 2016, this court issued a memorandum order directing him to provide information/documentation in support of his claims. Doc. 11. He filed an amended complaint on August 5, 2016, but he provided very little of the requested information and none of the requested documentation. Doc. 14. The court's recitation of the background in this matter is based upon a compilation of the information contained in

- 1 -

Moses' filings herein. Specifically, he claims that on November 28, 2015, while working as a cook in DWCC's North Kitchen, Sgt. Morgan cursed him because he was not moving fast enough. Doc. 1, p. 3. Plaintiff states that when he did not respond, Morgan threatened to "f --- him up." *Id.* Plaintiff states that he responded "whatever" to Morgan's threat, at which point Morgan "threw an industrial size roll of garbage bags" at him. *Id.* Plaintiff claims that Morgan then called him into the office and cursed and yelled at him, prompting Sgt. Coleman to leave her post to see what was going on. *Id.* Plaintiff contends that when he attempted to leave, Sgt. Morgan struck him in the face causing bruising and swelling, as well as a busted lip. Doc. 1, p. 4; doc. 14, p. 1. Plaintiff alleges that Deputy Warden Huff attempted to cover up the incident by not reviewing the security footage of the events in question. Doc. 1, p. 4. Plaintiff filed first and second step grievances regarding the above allegations, both of which were denied. Doc. 1, att. 2, pp. 1-2.

Plaintiff further claims that on March 10, 2016, Sgt. Morgan questioned him about his intentions to file a civil rights lawsuit against her. Doc. 10, p. 1. A few hours later, plaintiff alleges that he was handcuffed by Capt. Kimball and brought to the security building. *Id.* He claims that Kimball called him a "rat" for filing the grievances and lawsuit, and stated that he was going to be put on extended lockdown so he could learn his place. *Id.* Plaintiff states that Capt. Shantell Coleman witnessed this act of retaliation but refused to intervene. *Id.* Plaintiff contends that such inaction by Coleman amounts to deliberate indifference. Doc. 10, p. 3. Plaintiff was then taken to administrative segregation and was issued a disciplinary report by Sgt. Morgan. Doc. 10, p. 1. He alleges that the report was false and was done as an act of retaliation. Doc. 10, pp. 1-2. The report, which charges plaintiff with defiance, states:

> I, Sgt. Shanice Morgan, was monitoring the kitchen workers from the office in the back of the North Kitchen. At this time I was approached by Offender Daytrend Moses, 527114, while I was eating lunch and he asked me, "What do you got for me?" I then asked Offender Moses what he was talking about and told him that I did not have anything for him. Offender

> Moses then stated, "Well I got something for your ass since you don't have anything for me." He then stated, "You always break your old man off but you don't have anything for me." I then questioned Offender Moses as to what he meant and he stated, "You'll see come next week." I then gave Offender Moses a direct verbal order to leave the office and he did not comply. Offender Moses then stated, "I don't have to go no f---ing where." I then gave him another direct verbal order to leave the office and he complied. I then notified Captain Kimball of the incident. Captain Kimball arrived shortly thereafter and placed Offender Moses in handcuffs and escorted him to North Security. Offender Moses is in violation of Rule #3 Defiance which states, "No offender shall curse, insult or threaten another person in any manner." Offender Moses was seen by medical and placed in Admin. Seg.
>
> Doc. 10, att. 1, p. 3.

A disciplinary hearing was held on March 14, 2016, wherein plaintiff was found guilty of defiance. *Id.* He alleges that he filed a motion to call a witness and a motion to have his retaliation claims investigated but that defendants Tolliver and Hunter denied the same. Doc 10, p. 2. Plaintiff contends that the denial and finding of guilt by Tolliver and Hunter were acts of retaliation and violated his Fourteenth Amendment Rights. *Id.* at 3. He was sentenced to extended lockdown and complains about the conditions therein. Doc. 14, p. 2. Plaintiff filed a grievance on this matter which was denied on March 15, 2016. Doc. 10, att. 1, p. 1. The denial was signed by defendant Tommy Garrett as the Warden's designee and rejected relief as "disciplinary matters are not appealable through the ARP process. You need to file a disciplinary appeal on this matter." *Id.* Plaintiff contends that "Garrett's rejection of right to administrative remedy constitutes deliberate indifference." Doc. 10, p. 3. Plaintiff states that he filed a disciplinary appeal with Warden Jerry Goodwin but that it was denied by Warden Huff. Doc. 10, p. 2. He states that defendant's Huff denial of his appeal was an act of retaliation and constitutes deliberate indifference. Doc. 14, p. 2.

On June 16, 2016, the Classification Review Board found that plaintiff was not eligible for reassignment due to the "serious nature of past offenses." Doc. 10, att. 1, p. 2. The Review Board's

finding was signed by defendant Jesse Jimerson. *Id.* Plaintiff states that defendants Hamilton and Jimerson refused to allow him to attend the classification review as an act of retaliation and in violation of his Fourteenth Amendment Due Process Rights. Doc. 10, p. 3. As relief for the above, plaintiff seeks compensatory and punitive damages. Doc. 1, p. 4; doc. 10, pp. 3-4. He also asks this court to transfer him to Hunt Correctional Center. Doc. 1, p. 4.

*Law & Analysis*

*A. Frivolity Review*

Moses has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett,* 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell,* 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

*B. 42 U.S.C. § 1983*

Section 1983 provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether the plaintiff has alleged

that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle plaintiff to relief. In order to hold the defendants liable, plaintiff must allege facts to show (1) that a constitutional right has been violated, and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *West v. Atkins*, 108 S. Ct. 2250, 2254-55 (1988).

## C. *Heck v. Humphrey*

Plaintiff's claims surrounding the incident that occurred on March 10, 2016, for which he was later convicted of a disciplinary rule violation, are barred by *Heck v. Humphrey*, 114 S. Ct. 2364 (1994). *See also Edwards v. Balisok*, 117 S. Ct. 1584 (1997), which holds that a conviction for purposes of the *Heck* analysis includes a ruling in a prison disciplinary proceeding. In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of *habeas corpus*, 28 U.S.C. § 2255.
>
> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 114 S. Ct. at 2372.

Despite being given the opportunity to do so, plaintiff failed to provide information demonstrating that the conviction in the disciplinary proceeding in question has been invalidated, overturned or called into question. A federal judgment in plaintiff's favor on his claims herein would necessarily imply the invalidity of his disciplinary conviction on the underlying charges. Thus,

plaintiff's claims in this regard should be dismissed until such time as plaintiff obtains a favorable disposition on the disciplinary charges.

### D. *Excessive Force*

Plaintiff accuses defendant Morgan of using excessive force when he allegedly struck plaintiff in the face on November 28, 2015. As plaintiff was advised in the amend order, not every malevolent touch, push, or shove by a prison guard gives rise to a federal cause of action. *Hudson v. McMillian*, 112 S. Ct. 995, 1000 (1992). A use of force which is not "repugnant to the conscience of mankind," *Whitley v. Albers*, 475 U.S. 312, 327 (1986), is excluded from the Eighth Amendment's prohibition of cruel and unusual punishment and is considered to be *de minimis*. A *de minimis* use of force, such as a slap or a shove, does not implicate constitutional concerns. *Id.*; *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (bruised ear lasting for three days after guard twisted inmate's ear and held his arm behind his back was *de minimis* and did not state a claim for excessive force). Here, although the incident as alleged by plaintiff was obviously a very unpleasant experience, he has not shown that he was denied the minimal civilized measure of life's necessities in order to constitute cruel and unusual punishment.

### E. *Retaliation*

Prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the Constitution. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). However, as the Fifth Circuit has emphasized, claims of retaliation from prison inmates must "be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in penal institutions." *Id.* at 1166.

To state a claim of retaliation, a prisoner must allege facts which establish that (1) he exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation. Causation requires a showing that "but for

the retaliatory motive, the complained of incident ... would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). "The inmate must allege more than his personal belief that he is the victim of retaliation." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (citation omitted).

Plaintiff's complaint makes conclusory allegations in support of his claim. Such allegations of retaliatory motive or intent are not sufficient to evidence a pattern of retaliation or motive for same. His allegations of retaliation are insufficient to state a claim and these claims should be dismissed.

### *F. Transfer Request*

As previously stated, plaintiff requests a transfer from DWCC to Hunt Correctional Center. However, he does not have a protected liberty interest in where he is placed. *See Meachum v. Fano*, 96 S. Ct. 2532, 2538 (1976).

### *G. Motions for Appointment of Counsel [Docs. 7 & 9]*

Plaintiff also requests appointment of counsel. Docs. 7 & 9. Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. § 1983. "Generally no right to counsel exists in § 1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. § 1915 where 'exceptional circumstances' are present." *Robbins v. Maggio,* 750 F.2d. 405 (5th Cir. 1985. In *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa,* 490 U.S. 296, 301–02 (1989), the Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. § 1915(e)(1) to make compulsory appointments, and, of course, have no funds to pay counsel in civil cases.

No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a list of factors for lower courts to consider. These include: "the type and

complexity of the case; the [plaintiff's] ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and the likelihood that appointment will benefit the [plaintiff], the court, and the defendants by "shortening the trial and assisting in just determination." *Parker v. Carpenter,* 978 F.2d. 190 (5th Cir. 1992). Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on her own behalf. *See Ulmer v. Chancellor,* 691 F.2d 209, 212-213 (5th Cir. 1982); *Jackson v. Cain,* 864 F.2d 1235, 1242 (5th Cir. 1989).

Here, the request for appointment of counsel does not allege facts demonstrating that appointment is necessary. First, plaintiff's allegations are not complex. Second, his pleadings demonstrate that he is able file complaints setting forth his cause of action against the defendants, and no special legal knowledge is required of him. At this stage of the proceedings he need not be versed in the law so long as he can recite the facts and his demands. Examination of the third factor—whether the evidence will consist in large part of conflicting testimony—is premature because the case has not yet been set for trial. With regard to the fourth factor, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. Finally, plaintiff is not excused from trying to procure counsel for himself. He has not demonstrated that he is unable to secure representation from an attorney or *pro bono* organization.

Plaintiff has not provided the court with any facts that would warrant appointing counsel. He was able to file a complaint and an amended complaint in which he recounted the facts to the court prior to issuance of the amend order. He was also able to file an amended complaint in response to the amend order. Finally, he was able to file several motions with the court. Applying the relevant factors and the record in this case, plaintiff's **Motions for Appointment of Counsel** [docs. 7 & 9], are hereby **DENIED**.

*H. Motion for Extension of Time for Court to Consider Plaintiff's Motion for Preliminary Injunction [Doc. 12] and Motion for Preliminary Injunction [Doc. 13]*

To obtain a preliminary injunction a movant must establish: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest. *Byrum v. Landreth,* 566 F.3d 442, 445 (5th Cir. 2009) (citation omitted). A preliminary injunction is an extraordinary remedy that "should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Planned Parenthood Ass 'n of Hidalgo Cnty. Texas, Inc. v. Suehs,* 692 F.3d 343, 348 (5th Cir. 2012) (citation omitted).

Here, plaintiff has not met this exacting burden of persuasion. Specifically, plaintiff has failed to establish that there is a substantial likelihood that he will suffer irreparable injury if the court does not issue the injunction.

For the reasons discussed above, the court finds that plaintiff's **Motion for Extension of Time for Court to Consider Plaintiff's Motion for Preliminary Injunction [doc. 12] and Motion for Preliminary Injunction [doc. 13]** should be **DENIED.**

*Conclusion*

Accordingly,

Plaintiff's motions for appointment of counsel [docs. 7 & 9] are **DENIED**; and

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH**

**PREJUDICE**[1] as his claims are frivolous and fail to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**IT IS ALSO RECOMMENDED** that plaintiff's Motion for Extension of Time for Court to Consider Plaintiff's Motion for Preliminary Injunction [doc. 12] and Motion for Preliminary Injunction [doc. 13] be **DENIED.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 23rd day of September, 2016.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's claims that are barred by *Heck v. Humphrey* are dismissed with prejudice subject to being reasserted when, and if, the conditions of *Heck v. Humphrey* are met.